1  CHRISTOPHER WARD, CA Bar No. 238777
        cward@foley.com
2  ARCHANA A. MANWANI, CA Bar No. 272989
        amanwani@foley.com
3  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3500
4  LOS ANGELES, CA 90071-2411
   TELEPHONE:  213.972.4500
5  FACSIMILE:   213.486.0065

6  Attorneys for Defendants AIRCRAFT
   SERVICE INTERNATIONAL, INC. and
7  MENZIES AVIATION (USA) INC.

8
                **UNITED STATES DISTRICT COURT**
9
               **NORTHERN DISTRICT OF CALIFORNIA**
10
                  **SAN FRANCISCO DIVISION**
11
12  EUFROCINO PABLO CARRILLO, individually )   Case No. 3:18-cv-02208
    and on behalf of those similarly situated,   )
13                                              )   **DEFENDANTS AIRCRAFT SERVICE**
                                  Plaintiff,    )   **INTERNATIONAL, INC. AND MENZIES**
14                                              )   **AVIATION (USA) INC.'S NOTICE OF**
              vs.                               )   **REMOVAL (CAFA JURISDICTION)**
15                                              )
    AIRCRAFT SERVICE INTERNATIONAL,            )
16  INC., a Delaware Corporation; MENZIES       )   State Court Action Filed:  March 13, 2018
    AVIATION (USA) INC.,  Delaware              )
17  Corporation; and DOES 1-10, inclusive,      )   Filed concurrently with:
                                                )
18                                Defendant.     )   (i)    Defendants' Notice of Interested Parties,
                                                )   (ii)   Declaration of Christopher Ward, and
19                                              )   (iii)  Defendants' Civil Case Cover Sheet
                                                )
20  _____)

21

22

23

24

25

26

27

28

4814-5240-0991.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION:**

**PLEASE TAKE NOTICE** that Defendants Aircraft Service International, Inc. ("ASIG") and Menzies Aviation (USA) Inc. ("Menzies") (collectively referred to herein as "Defendants") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441, & 1446, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 4 ("CAFA"), and state the following grounds for removal to the United States District Court for the Northern District of California:

## I.    PROCEDURAL HISTORY

1.    On or around March 13, 2018, Plaintiff Eufrocino Pablo Carrillo ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California, County of San Francisco, entitled "*Eufrocino Pablo Carrillo, individually and on behalf of himself and others similarly situated, vs. Aircraft Service International, Inc., et al*" Case No. CGC-18-564974. Plaintiff served ASIG with the Complaint on or around March 15, 2018. Declaration of Christopher Ward ("Ward Decl.") at ¶ 4. A true and correct copy of Plaintiff's Complaint, and any other pleadings filed with the San Francisco Superior Court, is attached to the Ward Decl. as Exhibit A.

2.    Plaintiff has brought this action as "a class action on behalf of himself and other similarly situated employees in California …." Ward Decl., Ex. A at ¶ 8. The putative class includes all current and former non-exempt California employees of Defendants who worked from March 13, 2014 through the present, excluding union members and those who were class members of previously resolved class action claims against Defendants. *Id.*

3.    The Complaint asserts the following causes of action on behalf of the putative Class: (1) failure to pay overtime wages, (2) failure to pay vacation/PTO pay, (3) failure to pay minimum and agreed upon wages, (4) failure to timely pay final wages, (5) failure to provide meal and rest periods, (6) failure to provide proper itemized wage statements, (7) unfair competition, and (8) failure to provide personnel file and employment records. Ward Decl., Ex. A at Caption.

4.    Plaintiff's claims are in part based on the allegations that Defendants failed to pay Plaintiff and the putative class overtime wages for working on the seventh day, Defendants failed to provide meal and rest periods or pay corresponding premiums, Defendants failed to pay out accrued but

DEFENDANTS' NOTICE OF REMOVAL
Case No. 3:18-cv-02208

1    unused vacation to employees at the time of their separation of employment, Defendants failed to

2    include the correct legal name and address of the employers on the wage statements, and Defendants

3    failed to provide Plaintiff with timely access to his personnel records.  Ward Decl., Ex. A at ¶¶ 13-18.

4            5.      Plaintiff seeks actual damages, penalties, and attorneys' fees and costs, as well as

5    injunctive relief against Defendants.  Ward Decl., Ex. A at Prayer for Relief.

6            6.      This Notice of Removal is proper and timely pursuant to 28 U.S.C. § 1446(b)(1) because

7    it is filed within 30 days after Plaintiff's March 15, 2018 service of the summons and the original

8    Complaint on ASIG.

9            7.      Notice of this removal will be properly given to Plaintiff and the Superior Court

10   pursuant to 28 U.S.C. § 1446(d).

11   **II.     REMOVAL IS PROPER UNDER CAFA**

12           8.      The Action as filed in the Superior Court is one over which this Court has original

13   jurisdiction pursuant to 28 U.S.C. § 1332(d), as amended by CAFA, because the matter in controversy

14   as reasonably alleged in the Complaint exceeds the value of $5,000,000, exclusive of interest and costs,

15   and is a class action in which (i) at least one member of the class is a citizen of a state different than

16   Defendants, and (ii) the proposed class includes at least 100 members.  28 U.S.C. § 1332(d)(2)(A) and

17   (C); 18 U.S.C. § 1332(d)(5); Ward Decl. at ¶ 3; Ward Decl., Ex. A. at ¶¶ 4-6, 10.

18   **III.    THE COMPLAINT ASSERTS A CLASS ACTION**

19           9.      A removable class action includes "any civil action filed under Rule 23 of the Federal

20   Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be

21   brought under one or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

22   Plaintiff alleges his claims as class claims pursuant to California Code of Civil Procedure section 382.

23   Ward Decl., Ex. A at ¶ 8.  California Code of Civil Procedure section 382 has requirements similar to

24   those required under Federal Rule of Civil Procedure 23, including, among other things, requirements of

25   numerosity of class members, commonality of the questions of law and fact, typicality of claims and

26   defenses of the class, the common questions predominate, and adequacy of protection of the interests of

27   the class by the class representatives. *Compare* Fed. R. Civ. P. 23(a) *with* California Code of Civil

28   Procedure section 382.  Plaintiff alleges that his claims meet the requirements to maintain a class action

under California Code of Civil Procedure 382. Ward Decl., Ex. A at ¶¶ 10-11. Therefore, the Action is a removable class action pursuant to 28 U.S.C. § 1332(d).

## IV.   THE CITIZENSHIP OF THE PARTIES IS MINIMALLY DIVERSE

10.   Diversity among parties to a class action need only be minimally diverse, such that the citizenship of only one member of the putative class must be diverse from the citizenship of only one defendant. 28 U.S.C. § 1332(d)(2)(A).

11.   Plaintiff brought this Action in the County of San Francisco, California, performed duties while employed for ASIG in the County of San Francisco, and represents that he resided in the state of California during his employment with Defendants. Ward Decl., Ex. A at ¶ 4; Ward Decl. ¶ 7. On that basis Defendants are informed and believe that Plaintiff is now, and was at the time the Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(d)(2); *see Shelton v. Tiffin*, 47 U.S. 163, 185 (1848) ("[w]here an individual has resided in a State for a considerable time, being engaged in the prosecution of business, he may well be presumed to be a citizen of such State").

12.   Plaintiff admits that Defendants are Delaware corporations with their principal places of business and headquarters in Texas. Ward Decl., Ex. A at ¶¶ 5-6. Additionally, both Menzies' and ASIG's high level officers are headquartered at the DFW headquarters, and direct, control and coordinate the companies' activities from DFW. Ward Decl. ¶ 3.

13.   For purposes of diversity of citizenship, Defendants are therefore thus  citizens of Delaware and Texas, or both states. 28 U.S.C. § 1332(c)(1) (for purposes of diversity of citizenship, a corporation is a citizen of every state or foreign country where it is incorporated and where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding principal place of business for purposes of citizenship "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"); Ward Decl. ¶ 3.

14.   Therefore, minimal diversity exists among the parties since the citizenship of Plaintiff is diverse from at least one of the Defendants.

## V.   THE PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

15.   The purported class, as alleged by Plaintiff in Paragraph 8 of his Complaint, includes

DEFENDANTS' NOTICE OF REMOVAL
Case No. 3:18-cv-02208

4814-5240-0991.1

five sub classes:

> a. <u>The Overtime Class</u>: All current and former non-exempt California employees of Defendants, excluding those who paid union dues and/or worked at SFO as Aircraft Service Fuelers, GSE Fuelers, and Lead Aircraft Service Fuelers, who worked for Defendants from March 13, 2014 to the present and worked over 8 hours in a day, 40 hours in a week, or on 7 days in one workweek;

> b. <u>The Vacation (PTO) Class</u>: All current and former non-exempt California employees of Defendants, who worked for Defendants from March 13, 2014 to the present and did not use all of their vacation pay prior to the termination of their employment;

> c. <u>The Meal and Rest Period Class</u>: All current and former non-exempt California employees of Defendants, who worked for Defendants from March 13, 2014 to the present, except those who were part of the settlement class in *Canlas et al. v. Aircraft Service International, Inc.* (Case No. 4:16-cv-02355 JSW (N.D. Cal.));

> d. <u>The Waiting Time Class</u>: All members of the Overtime Class and Vacation (PTO) Class whose employment ended at some point between March 13, 2015 through the present, except those who were part of the settlement class in *Jimenez et al. v. Menzies Aviation et al.* (Case No. 3:15-cv-012392 WHO (N.D. Cal.)); and

> e. <u>The Wage Statement Class</u>: All current and former non-exempt California employees of Defendants, who worked for Defendants from March 13, 2017 to the present.

16.    The Complaint alleges that each class is sufficiently numerous, and estimates that "there are hundreds or thousands of members in each Class." Ward Decl., Ex. A at ¶ 10a.  The proposed class thus meets the jurisdictional threshold of at least 100 members pursuant to 28 U.S.C. §1332(d)(5).

## VI.    <u>THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000</u>

17.    To meet the amount in controversy requirement for removal of class actions under 28 U.S.C. § 1332(d)(2), Defendants need only set forth a plausible allegation or set of allegations indicating that the amount in controversy exceeds $5,000,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ___, 135 S. Ct. 547, 551, 554 (2014) ("as supplied by the removal statute itself [a] statement 'short and plain' need not contain evidentiary submissions") ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

1  threshold"); *Letuligasenoa v. Int'l Paper Co.*, Case No.: 5:13-CV-05272-EJD, 2014 U.S. Dist. LEXIS

2  69884, *9 (N.D. Cal. 2014) (when the complaint is silent as to the amount in controversy, the court must

3  analyze the scope of the allegations in the complaint to determine if the amount in controversy threshold

4  is satisfied).

5      18.    Although Defendants dispute that they are liable to Plaintiff or the putative class for any

6  of the damages alleged in the Complaint, Defendants allege that the amount in controversy exceeds

7  $5,000,000 based on Plaintiff's claims. Plaintiff alleges that he and the putative classes did not receive

8  all overtime wages, did not receive all vacation pay, were not provided meal and rest breaks, did not

9  receive all wages owed at the time of separation and are therefore entitled to waiting time penalties, and

10  did not receive accurate wage statements. Ward Decl., Ex. A at ¶ 8. He therefore seeks compensatory,

11  restitution and injunctive damages and penalties for himself and on behalf of the aggrieved employees'

12  claims. Ward Decl., Ex. A at Prayer for Relief. Plaintiff has also engaged private legal counsel to

13  represent him in this matter and seeks an award of attorney's fees and costs as permitted by the

14  California Labor Code. *Id.*

15      19.    As Plaintiff himself estimates that there are "hundreds or thousands of members in each

16  Class" (Ward Decl., Ex. A at ¶ 10a), a conservative estimate of the number of members in each class is

17  500. A review of Plaintiff's own records shows that he began his employment with ASIG with an

18  hourly wage of $14.00 per hour. Ward Decl., ¶ 7. Plaintiff alleges that "his claims are typical of the

19  claims of the other class members," that he "suffered the same kinds of injuries suffered by other class

20  members," and that he "seeks the same kind of relief sought by other class members." Ward Decl., Ex.

21  A at ¶ 10c.

22      20.    <u>Unpaid Overtime Wages</u>

23      a.    Plaintiff alleges that Defendants failed to properly compensate the putative class

24  for all overtime hours worked, by among other things, not paying 1.5 times their regular rate for hours

25  worked over 8 in one day or 40 in one week and during the first 8 hours on the seventh consecutive day

26  of work, and not paying 2 times their regular rate of pay for hours worked in excess of 12 per day and

27  over 8 on the seventh consecutive day of work. Ward Decl., Ex. A at ¶¶ 13, 22-24.

28      b.    Plaintiff does not specifically allege the number of overtime or double time hours

DEFENDANTS' NOTICE OF REMOVAL
-5-
Case No. 3:18-cv-02208

1    the putative class was not compensated for, nor any average number of unpaid overtime or double time

2    hours per week or some other period.  With that said, Plaintiff's vague allegations can reasonably be

3    understood as alleging, at a minimum, that each individual putative class member was not compensated

4    at his/her overtime rate (1.5 regular rate) for 2 hours per week.  Ward Decl. ¶ 8.

5            c.    Again applying a conservative estimate of 500 class members, based on

6    Plaintiff's allegations that there are "hundreds or thousands" of individuals in each class, and Plaintiff's

7    alleged class period of March 13, 2014 to the present (214 weeks), the number of unpaid overtime hours

8    at issue for the putative class equals 214,000 (214 weeks x 500 putative class x 2 unpaid overtime

9    hours/week).  Ward Decl. ¶ 8.

10            d.    As noted above in Paragraph 19, Plaintiff's starting hourly rate of pay was

11    $14.00, such that his overtime wage at time and a half was $21.00, and he alleges his claims are typical

12    of those of the class.

13            e.    Based on the foregoing, the unpaid overtime amount in controversy across the

14    alleged putative class is 214,000 (total number of unpaid overtime hours at issue) x $21.00 (average

15    hourly wage for the Putative class) = **$4,494,000.00**.  Ward Decl. ¶ 8.

16        21.    <u>Vacation</u>

17            a.    Plaintiff alleges that Defendants failed to pay the putative class members with

18    their accrued but unused vacation at the time of their termination.   Ward Decl., Ex. A at ¶ 15.  Plaintiff

19    does not specifically allege the number of hours he or any other putative class member should have been

20    paid out.  With that said, Plaintiff's vague allegations can be reasonably understood as alleging that each

21    individual Putative class member was denied, at a minimum, an average of 1 hour of vacation pay.

22    Ward Decl. ¶ 9.

23            b.    Applying the conservative estimate of 500 class members, based on Plaintiff's

24    own estimate that there are "hundreds or thousands" in the class, and Plaintiff's hourly rate of $14.00,

25    the minimum amount in controversy for Plaintiff's vacation claim is **$7,000.00** (500 class members x

26    $14.00 for one hour of vacation).  Ward Decl. ¶ 9.

27        22.    <u>Missed Meal and Rest Periods</u>

28            a.    Plaintiff alleges that Defendants failed to provide adequate meal break periods to

the putative class required under California law, and specifically that employees "were denied meal and rest periods, along with premium pay for missed meal and rest periods." Ward Decl., Ex. A at ¶ 14. Plaintiff does not specifically allege the number of meal breaks the putative class was denied or missed, or any average number of meal breaks missed per week or some other period. With that said, Plaintiff's vague allegations can be reasonably understood as alleging that each individual putative class member was denied, at a minimum, an average of 1 meal period per week and 1 rest period per week. Ward Decl. ¶ 10.

b.    Applying the conservative estimate of 500 class members, based on Plaintiff's own estimate that there are "hundreds or thousands" in the class, the number of missed meal periods by the putative class at issue equals 107,000 (214 weeks x 500 putative class members x 1 missed meal breaks/week) and the number of missed rest periods by the putative class at issue equals 107,000 (214 weeks x 500 putative class members x 1 missed rest break/week). Ward Decl. ¶ 10.

c.    Plaintiff alleges that pursuant to California Labor Code section 226.7, that "Defendants shall pay an employee an additional hour of pay at the employee's regular rate of compensation for each day that the meal period is not provided, and another hour of pay at the employee's regular rate of compensation for each day that a rest period is not provided." Ward Decl., Ex. A at ¶ 46.

d.    As noted above in Paragraph 19, Plaintiff's starting hourly rate of pay was $14.00 and he alleges his claims are typical of those of the class.

e.    Based on the foregoing, the missed meal period amount in controversy across the alleged putative class is $1,498,000.00, calculated as 107,000 (total number missed meal periods at issue) x $14.00 (average hourly wage), and the missed rest period amount in controversy is $1,498,000.00, calculated as follows: 107,000 (total number missed meal periods at issue) x $14.00 (average hourly wage). Ward Decl., ¶ 10. Therefore, the amount in controversy for Plaintiff's meal and rest period claim is, conservatively, **$2,996,000.00** ($1,498,000 + $1,498,000). *Id.*

23.    <u>Waiting Time Penalties</u>

a.    Plaintiff also seeks waiting time penalties pursuant to Labor Code Section 203, which provides for a penalty of 30 days of the employee's per diem wage rate. Ward Decl., Ex. A at ¶¶

DEFENDANTS' NOTICE OF REMOVAL
Case No. 3:18-cv-02208

8, 16, 36-38.

b.    Applying the conservative estimate of 500 class members, based on Plaintiff's own estimate that there are "hundreds or thousands" in the class,  and Plaintiff's hourly rate of pay of $14.00, a conservative estimate of the average daily earnings for each terminated putative class member is approximately $112.00 ($14.00 x 8 hours).  Ward Decl. ¶ 11.

c.    The waiting time penalty claim thus alleges an amount in controversy of approximately $**1,680,000.00,** calculated as follows:  500 (number of terminated Putative class members) x $112.00  (average daily earnings) x 30 (30 day penalty).  Ward Decl. ¶ 11.

24.    <u>Wage Statement Penalties</u>

a.    Plaintiff also seek penalties for inaccurate wage statements for the time period of March 13, 2014 through the present pursuant to Labor Code Section 226(a), which  imposes a $50.00 initial violation for the first pay period and $100.00 violation for every subsequent pay period, up to a maximum of $4,000.00 per individual putative class member.

b.    Defendants operate on a biweekly payroll period cycle, such that in the 57 weeks between March 14, 2017 through the present, there were approximately 24 pay periods at issue.  Ward Decl. ¶ 12.  Applying the conservative estimate of 500 class members, based on Plaintiff's own estimate that there are "hundreds or thousands" in the class, and based on the allegations in the Complaint, each putative class member would receive an alleged penalty of $2,350, calculated as $50 for the first violation and $100 for each of the remaining 23 pay periods.  The conservative penalty estimate with 500 putative class members is $**1,175,000.00** (500 x $2,350).  Ward Decl. ¶ 12.

25.    Based on the amounts in controversy for each claim, as set forth above,  the total damages sought amounts to $**10,352,000.00** ($4,494,000.00 + $7,000.00 + $2,996,000.00 + $1,680,000.00 + $1,175,000.00).  Ward Decl. ¶ 13.

26.    <u>Attorneys' Fees</u>

a.    Plaintiffs also seek class-wide attorneys' fees, an amount properly included in the amount in controversy calculation for class action removal purposes under 28 U.S.C. § 1332(d)(2). *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (overruled on other grounds) (showing attorneys' fees are properly considered for the amount in

controversy when attorneys' fees are authorized by the underlying statute); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001) (showing attorneys' fees are considered on a class-wide basis as opposed to solely named plaintiffs). In the Ninth Circuit, a conservative estimate for attorneys' fees associated with prosecuting a class action case is approximately 12.5% of the total amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Thus, for purposes of calculating the amount in controversy for diversity jurisdiction, the above damages calculations should be increased by an additional 12.5% or $1,294,000, to represent the estimated attorney's fees associated with prosecuting this Action (Ward Decl. ¶ 13).

27. Based on the foregoing, there is "a plausible allegation" that the amount in controversy set forth in the Complaint far exceeds the jurisdictional threshold for class actions and removal to this Court pursuant to diversity jurisdiction under 28 U.S.C. §1332(d) is proper. *See Lewis v. Verizon Commc'ns*, 627 F.3d 395, 401 (9th Cir. 2010), *citing Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("once the proponent of federal jurisdiction has explained plausibly how the stakes exceed the $5 million … then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much"). Specifically, the total of the bolded amounts identified in Paragraphs 20-26 is **$11,646,000.00**. Ward Decl. ¶ 13.

## VII.   VENUE AND INTRADISTRICT ASSIGNMENT

28. Venue of this Action is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court is located within the jurisdictional boundaries of the Northern District of California. Moreover, the case is properly venued in the San Francisco Division of this District because a substantial portion of the alleged events or omissions that give rise to Plaintiff's claims occurred at SFO, which lies within San Francisco County. Ward Decl., Ex. A at ¶ 4; Ward Decl. ¶ 7.

## VIII.   CONCLUSION

29. As outlined above, this Court has original jurisdiction over the Action under CAFA and pursuant to 28 U.S.C. § 1332(d) such that the entire action may be therefore removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

30. Wherefore, Defendants pray that this action be removed from Superior Court for the State of California, County of Los Angeles to the United States District Court for the Central District of

California, and for such further relief as may be just and proper.

31.   Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the clerk of the Superior Court for the State of California, County of Los Angeles.  Ward Decl., ¶ 5. Copies of this Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d). *Id*.

32.   This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

DATED:  April 13, 2018

**FOLEY & LARDNER LLP**
Christopher Ward
Archana A. Manwani


*/s/ Christopher Ward*
Christopher Ward
Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. and MENZIES AVIATION (USA) INC.

DEFENDANTS' NOTICE OF REMOVAL
Case No. 3:18-cv-02208

4814-5240-0991.1